UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br><br>        v.<br><br>VICTOR MANUEL HIDALGO,<br><br>                                  Defendant. | Case No. 20-cr-02408-BAS-1<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br>**(ECF No. 55)** |

      The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

In addition, under Part A, these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1. The original sentencing guidelines provided:

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment). The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based on these amendments, Defendant Victor Manuel Hidalgo now files a Motion to Reduce Sentence. (ECF No. 55.) The Court referred the Motion to Federal Defenders for an evaluation. (ECF No. 56.) Federal Defenders has now filed a Status Report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 58.)

Although the new guidelines would have reduced Defendant's criminal history points by one point, at the time he was sentenced, Defendant qualified as a "Career Offender" under § 4B1.1. (Presentence Report, ¶¶ 41–57, ECF No. 46.) Regardless of the number of criminal history points a defendant has, if he is a career offender, his criminal history category becomes a VI. U.S.S.G. § 4B1.1(b). The changes to the sentencing guidelines did not change this career offender provision.

Because the new guideline amendments would not have changed the Court's sentencing guideline calculations, Defendant's Motion to Reduce his Sentence (ECF No. 55) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 23, 2024**

Hon. Cynthia Bashant
United States District Judge