**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | Case No. 20-cr-02408-BAS-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 65)** |
| VICTOR MANUEL HIDALGO, | |
| Defendant. | |

Defendant Victor Manuel Hidalgo has twice asked for a sentencing reduction under Amendment 821 to the United States Sentencing Guidelines. (ECF Nos. 55, 61.) He also asked for appointment of counsel. (ECF No. 63.)

After referring Defendant's first request for sentencing relief to Federal Defenders, the Court denied the request. (ECF No. 59.) The Court explained that Defendant does not qualify for a sentencing reduction because he is a "Career Offender" under U.S.S.G. § 4B1.1. (*Id.*) Regardless of the number of criminal history points a defendant has, if he is a career offender, his criminal history category becomes a VI. U.S.S.G. § 4B1.1(b).

1  "The changes to the sentencing guidelines did not change this career offender provision."
2  (ECF No. 59.)
3     When Defendant filed his second request for a reduction, the Court denied it for the
4  same reasons. (ECF No. 63.) Defendant now files a Motion for Reconsideration, again
5  arguing he qualifies under Amendment 821 because his sentence was increased "for being
6  on probation." (ECF No. 65.) The Court **DENIES** the Motion for Reconsideration because
7  Defendant does not show the Court erred. *See United States v. Wilson*, No. CR-17-00972-
8  001-PHX-GMS, 2021 WL 1171508, at *1 (D. Ariz. Mar. 29, 2021) (setting forth the
9  standard for criminal motions for reconsideration). Further, the Court will not consider
10 any future requests concerning Amendment 821.
11    **IT IS SO ORDERED.**
13 DATED: August 12, 2024

Hon. Cynthia Bashant
United States District Judge